_____

No. 95-4237
_____

Scandia Stucco Co.,                     *
                                        *
            Petitioner,                 *
                                        *
      v.                                *
                                        *
National Labor Relations Board,         *
                                        *
            Respondent.                 *

_____                     Appeals from an Order of the
                                National Labor Relations Board.
No. 96-1373
_____                         [UNPUBLISHED]

Scandia Stucco Co.,                     *
                                        *
            Respondent,                 *
                                        *
      v.                                *
                                        *
National Labor Relations Board,         *
                                        *
            Petitioner.                 *

_____

Submitted:  November 21, 1996

Filed:  November 27, 1996
_____

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.
_____


PER CURIAM.


      The National Labor Relations Board (NLRB) seeks enforcement of an
order requiring Scandia Stucco Co. (Scandia) to abide by the terms of the
master collective bargaining agreement with the union and to cease and
desist from certain unfair labor practices.

Following a hearing on the complaint, the administrative law judge (ALJ) ruled that Scandia violated 29 U.S.C. § 158(a)(1)(5) by repudiating the master collective bargaining agreement with the union, by refusing to provide the union with information relevant to the union's collective-bargaining duties, and by refusing to cooperate in processing a grievance. The ALJ also ruled that Scandia violated 29 U.S.C. § 158(a)(1)(3) by telling its employees they would no longer be represented by their union and by constructively discharging a union member who left the company. The NLRB adopted the ALJ's findings, conclusions, and rulings.

Scandia contends the NLRB's order is based on erroneous legal rulings, is not supported by substantial evidence on the record, and the order should not be enforced. A review of the record, however, shows the ALJ's findings are supported by ample evidence, and the rulings are clearly correct. Thus, the NLRB's order is enforced. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-